IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RBATHTDSR, LLC, t/a REHOBOTH BEACH ANIMAL HOSPITAL LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PROJECT 64 LLC, JOHN M. WIERTEL and GEOFFREY GRAHAM,<br><br>　　　　　Defendants. | Civil Action No. 19-1280-RGA |

MEMORANDUM OPINION

Scott T. Earle, ZARWIN BAUM DEVITO KAPLAN SCHAER TODDY, P.C., Wilmington, DE, Attorney for Plaintiff.

Paul A. Bradley, MARON MARVEL BRADLEY ANDERSON & TARDY LLC, Wilmington, DE; Thomas J. Connick, CONNICK LAW LLC, Beachwood, OH, Attorneys for Defendants.

May 27, 2020

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

  Before me are two Reports & Recommendations ("Reports") of a United States Magistrate Judge ("Report 1" and "Report 2"). (D.I. 21; D.I. 22). Report 1 address Defendants' motion to dismiss Plaintiff's claims in the operative Complaint, and Report 2 addresses Plaintiff's motion to amend the Complaint. Report 1 recommends Defendants' motion be denied-in-part because Plaintiff pled all the requisite elements for its breach of contract and negligent misrepresentation claims (Count I and II) against Defendant Project 64. (D.I. 21 at 15). Report 1 also recommends Defendants' motion be granted-in-part with respect to Plaintiff's negligent misrepresentation claim against Defendants Mr. Wiertel and Mr. Graham. (*Id.*). Report 2 recommends Plaintiff's motion to amend Counts I and II of the Complaint be granted, and its motion to amend Counts III-V be denied, but with leave to amend. (D.I. 22 at 10). Defendants filed objections to both Reports. (D.I. 24; D.I. 25). Plaintiff filed objections to Report 2. (D.I. 26). Plaintiff responded to Defendants' objections, and Defendants responded to Plaintiff's objections. (D.I. 32; D.I. 33). The Magistrate Judge's Reports are comprehensive, and I will largely adopt the factual findings and legal conclusions in the Reports with two exceptions. I will grant Defendants' motion to dismiss Count II of the Complaint, and I will grant Plaintiff's motion to join Dr. Timothy Dabkowski as a co-plaintiff. I do not separately recite any of the Magistrate Judge's factual findings or legal conclusions except as I think necessary to explain my decision.

I.  LEGAL STANDARD

  **A. Motion to Dismiss**

  Magistrate Judges have the authority to make recommendations as to the appropriate resolution of a motion to dismiss the complaint pursuant to 28 U.S.C. § 636(b)(1)(B). In the event

2

of an objection, this Court reviews the objected-to determinations *de novo*. Fed. R. Civ. P. 72(b)(3); D. Del. LR 72.1(a)(3).

B. **Motion for Leave to Amend the Pleading**

Magistrate Judges may hear and determine a motion for leave to amend the pleading pursuant to 28 U.S.C. § 636(b)(1)(A). Fed. R. Civ. P. 15(a)(2). This Court may reconsider objected-to determinations on non-dispositive motions if the Magistrate Judge's order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); D. Del. LR 72.1(a)(2). A non-dispositive motion is considered dispositive when the Magistrate Judge's determination disposes of a claim; in such an instance the Court reviews the objected-to determination *de novo*. *Chase Manhattan Bank v. Iridium Africa Corp.*, 294 F. Supp. 2d 634, 635 (D. Del. 2003); *Continental Cas. Co. v. Dominick D'Andrea Inc.*, 150 F.3d 245, 251 (3d Cir. 1998).

II. CHOICE OF LAW

A federal court sitting in diversity must apply the law of the forum state. In Delaware, the "most significant relationship test" governs the choice of law analysis for both contract and tort claims. *Deuley v. DynCorp Int'l, Inc.*, 8 A.3d 1156, 1160 (Del. 2010); *Travelers Indem. Co. v. Lake*, 594 A.2d 38, 47 (Del. 1991). The Court must consider several factors to determine which law should apply for contract claims: (1) the place of contracting; (2) the place of negotiation; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) "the domicile, residence, nationality, place of incorporation, and place of business of the parties." *Enzo Life Sci., Inc. v. Adipogen Corp.*, 82 F. Supp. 3d 568, 595 (D. Del. 2015) (quoting *In re Am. LaFrance, LLC,* 461 B.R. 267, 272 (Bankr. D. Del. 2011)).

For tort claims, courts must also consider several factors in their choice of law analysis: (1) the place where the injury occurred; (2) the place where the conduct causing the injury occurred;

3

(3) the place where the relationship between the parties—if any—is centered; and (4) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *Travelers Indem. Co.*, 594 A.2d at 47.

The contract at issue here does not contain a choice of law provision. (D.I. 1-1 ex. A ). The Magistrate Judge applied Delaware law in analyzing all counts of the Complaint. (D.I. 21; D.I. 22). Plaintiff's principal place of business is in Delaware, and the project site—the subject matter of the contract—is based in Delaware. (D.I. 1-1 ¶¶ 2, 9-10). One Defendant's principal place of business is in Ohio, and the other two Defendants are residents of Ohio. (D.I. 21 at 2). The place of contracting, performance, and negotiation occurred in both Delaware and Ohio. (D.I. 1-1; D.I. 6 at 2-3). None of the parties object to the Magistrate Judge's application of Delaware law to the contract and tort claims before the Court. (D.I. 24; D.I. 25; D.I. 26). I adopt the Magistrate Judge's conclusion that Delaware law governs in this case.

III.   DISCUSSION

   A.  **Defendants' Motion to Dismiss the Complaint**

Rule 8 of the Federal Rules of Civil Procedure requires a complainant to provide "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows the accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule 12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as true, and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of

4

action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555).  I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002).  A complaint may not be dismissed, however, "for [an] imperfect statement of the legal theory supporting the claim asserted." *See Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id*. at 12.  That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.  Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. In assessing the Defendants' motion the Magistrate Judge determined that the Plaintiff met the threshold required under Rule 8 for Plaintiff's breach of contract claim (Count I) and negligent misrepresentation claim (Count II).  (D.I. 21).  I adopt the Magistrate Judge's recommendation for Count I of the Complaint, but I grant Defendants' motion to dismiss Count II.

### 1. Count I: Breach of Contract

To plead a breach of contract claim the Plaintiff must allege facts that support: (1) the existence of a contract; (2) that the defendant breached an obligation imposed by the contract; and (3) resultant damages to the plaintiff.  *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).  In Defendants' brief in support of their motion to dismiss Defendants argue that Plaintiff lacks standing and failed to allege the facts required to establish a breach of contract or resultant damages to the Plaintiff.  (D.I. 6 at 6-7).  The Magistrate Judge found Plaintiff had standing to sue, and pled facts sufficient to establish a breach of contract and damages resulting

5

from the breach. (D.I. 21 at 5-10). Therefore, the Magistrate Judge recommends Defendants' motion to dismiss Count I of the Complaint be denied. (*Id.* at 10). Defendants object to all of the Magistrate Judge's recommendations with regard to Count I of the Complaint. (D.I. 24).

### a. Plaintiff's Standing

The Magistrate Judge found that the Plaintiff pled standing, and I will adopt the Magistrate Judge's conclusion. [1] (D.I. 21 at 7). It is plausible that Plaintiff was party to the contract and Dr. Dabkowski signed the contract as Plaintiff's agent. (D.I. 1-1 ex. A at 6 ¶ 3-5; D.I. 1-1 ¶ 18). *See REI Holdings, LLC v. LienClear – 0001, LLC*, 2019 WL 3546881, at *8 (D. Del. Aug. 5, 2019); *Brandt v. Rokeby Realty Co.*, 2004 WL 2050519, at *10 (Del. Super. Ct. Sept. 8, 2004).

### b. Breach of Contract

The Magistrate Judge found that the allegations of the Complaint and the text of the contract plausibly support the view that the parties agreed the project would not exceed about $750,000. (D.I. 21 at 9). The Magistrate Judge also found that the if the contract were unambiguous it would not be unambiguous in Defendants' favor. (*Id.* at 9). Defendants object to the Magistrate Judge's finding, and to the Magistrate Judge's remark about the confusing nature the "Total Cost Estimate" contract term. (D.I. 24 ¶¶ 3-4). The language of the contract's "Proposal for Project Delivery Services: Project Summary" supports the Magistrate Judge's view that the contract could be interpreted to mean Plaintiff's budget for the project was about $750,000. (D.I.

---

[1] The issue of Plaintiff's standing is more appropriately analyzed as part of Defendants' Rule 12(b)(6) motion rather than as a separate Rule 12(b)(1) motion. *Harting Drug Co. Inc., v. Senju Pharm. Co. Ltd.*, 836 F.3d 261, 269 (3d Cir. 2016). Defendants' challenge to Plaintiff's standing is a question on the merits rather than a question of the Court's jurisdiction. *Id.* at 268. A Rule 12(b)(1) motion challenges the jurisdiction of the Court and imposes a burden on the plaintiff to show jurisdiction exists. *Id.* A Rule 12(b)(6) motion affords greater protections for the non-movant in part because Plaintiff's allegations are given the presumption of truthfulness. *Id.* The same presumption does not attach for a Rule 12(b)(1) motion. *Id.*

1-1 ex. A at 1 ¶ 2).  Plaintiff performed under the contract, adhering to the agreed payment schedule, and Defendants accepted these payments while failing to obtain a construction bid that fell within the Plaintiff's budget limitations. (D.I. 1-1 ¶¶ 16, 18 ).  Defendants' behavior could reasonably be interpreted as a failure to perform under the contract, constituting a breach.

### c. Damages Resulting from Breach of Contract

Defendants object to the Magistrate Judge's finding that the Plaintiff met the pleading requirements for the damages element of its breach of contract claim.  (D.I. 24 at 2 ¶¶ 5-6). However, Defendants do not dispute that Plaintiff alleges it paid Defendants about $108,000 pursuant to the contract. (D.I. 21 at 9; *see* D.I. 1-1 ¶ 18).  Therefore, I adopt the Magistrate Judge's finding that Plaintiff met the pleading requirements for the damages element of its breach of contract claim. Defendants' motion to dismiss Count I of the complaint is denied.

### 2.   Count II: Negligent Misrepresentation

Under Delaware law negligent misrepresentation consists of four elements: "(1) the existence of a pecuniary duty to provide accurate information; (2) the supplying of false information; (3) that the defendant failed to exercise reasonable care in obtaining or communicating the information; and (4) that the plaintiff suffered a pecuniary loss caused by reliance upon the false information." *Kuhn Constr. Co. v. Ocean & Coastal Consultants, Inc.*, 844 F. Supp. 2d 519, 525 (D. Del. 2012).  Plaintiff pled all four of these elements (D.I. 1-1 ¶¶ 32, 35, 36, 37).  In their objection Defendants do not dispute this finding by the Magistrate Judge. (D.I. 24). Defendants object to the finding that Plaintiff's negligence claim falls within the narrow exception to the economic loss doctrine. (*Id.* at 2 ¶ 7).

### a. Economic Loss Doctrine

Defendants argue in their brief in support of their motion to dismiss that Plaintiff's claim of negligent misrepresentation is barred under the economic loss doctrine. (D.I. 6 at 11-13). The economic loss doctrine "prevents plaintiffs from recovering in tort for losses that are solely economic in nature." *Kuhn Constr. Co.*, 844 F. Supp. 2d at 526.  In Delaware there is a narrow exception to this doctrine.  If plaintiff can establish: "1) defendant supplied the information to the plaintiff for use in business transactions with third parties; and 2) defendant is in the business of supplying information," then the plaintiff's claim falls within this exception. *Id*. at 527.

The Magistrate Judge found there was a sufficient factual basis to conclude Plaintiff's claim fell within the exception to the economic loss doctrine. (D.I. 21 at 11-15). Neither party disputes that the Defendants supplied Plaintiff with information for use in business transactions with third parties.  Defendants do dispute, however, that Defendants could be considered information providers. (D.I. 24 ¶ 7). The Magistrate Judge concluded that Defendants could plausibly be considered "information provider[s]" based on Plaintiff's pleadings. (D.I. 21 at 14). Moreover, while Defendants dispute any liability arising under tort, they do not dispute their obligation under the contract to provide "design consultation, management, and cost budgeting services," activities that constitute providing information. (D.I. 6 at 9). I adopt the Magistrate Judge's legal conclusion that Plaintiff's negligent misrepresentation claim is not barred under the economic loss doctrine.

### b. Gist of the Action Doctrine

The gist of the action doctrine precludes tort claims that arise from contractual breaches and requires Plaintiff to point to independent events that give rise to a tort claim. *Livery Coach Sols., LLC v. Music Express/E., Inc.*, 245 F. Supp. 3d 639, 644 (D. Del. 2017). Breach of contract

can give rise to a tort, but the tort must be the gist of the action and the contract must be collateral. *Id*. at 644 n.2. The Magistrate Judge found Defendants' gist of the action defense to be abandoned because they failed to re-raise the defense in their reply to Plaintiff's opposition brief to Defendants' motion to dismiss. (D.I. 21 at 15). I cannot agree. I further conclude that Plaintiff's negligent misrepresentation claim is barred under the doctrine.

The authority cited to support the Magistrate Judge's view that Defendants' abandoned their gist of the action defense can be found in one of his previous opinions citing to a Third Circuit decision. *Blakeman v. Freedom Rides, Inc.*, 2013 WL 3503165, at *13 (D. Del. July 10, 2013). *Blakeman* is not applicable.[2] Therefore, I will not adopt the Magistrate Judge's conclusion with regards to Defendants' abandonment of the gist of the action doctrine defense.

While Plaintiff could have plausibly made a claim that Defendants had a duty separate and apart from their duty arising out of the contract, they do not put forth a factual basis for that argument in the Complaint. Plaintiff alleges that consultation as to the appropriate build site for Plaintiff's project was provided by the Defendants *under the contract*. (D.I. 1-1 ¶ 9). As the Complaint is pled, there is no separate duty that would give rise to a negligent misrepresentation claim. Therefore, Plaintiff has failed to meet the pleading requirements for a claim of negligent misrepresentation, and I grant Defendants' motion to dismiss Count II of the Complaint.

---

[2] The rule in *Blakeman* might be stated as, when one side files a motion raising an issue, and the other side does not respond, the other side is considered to have conceded the point. Here, Defendants raised an issue in their motion to dismiss; Plaintiff responded to it; and Defendants did not reargue the issue in their reply. (D.I. 5; D.I. 6 at 11). The issue was joined. Plaintiff does not have to beat a dead horse in order to preserve an argument, as evidenced by the fact that reply briefs are typically limited to 50% of the length of opening and answering briefs. "There shall not be a repetition of materials contained in the opening brief." D.Del. LR 7.1.3(c)(2).

### 3. Summary

Count I (Breach of Contract) of the Complaint survives Defendants' motion to dismiss. Count II (Negligent Misrepresentation) of the Complaint is dismissed without prejudice. Defendants' motion to dismiss John M. Wiertel and Geoffrey Graham as defendants is granted as it was unopposed. (D.I. 21 at 10 n.9).

### B. Plaintiff's Motion for Leave to File an Amended Pleading

Rule 15(a)(2) of the Federal Rules of Civil Procedure provide that after a responsive pleading has been filed, a party may amend its pleading "only with the opposing party's written consent or the court's leave." Leave to amend "should [be] freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15. The decision to grant or deny leave to amend lies within the discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The Third Circuit has adopted a liberal approach to the amendment of pleadings. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 487 (3d Cir. 1990). The amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. An amendment is futile when the "complaint as amended . . . fail[s] to state a claim upon which relief could be granted." *In re Burlington*, 114 F.3d at 1434.

Defendants' only argument against permitting the amendments to Count I (Breach of Contract) and Count II (Negligent Misrepresentation) is futility. (D.I. 16 at 3, 6). The Magistrate Judge concluded Count I and II of the amended Complaint were largely the same as the original Complaint and granted leave to amend. (D.I. 22 at 3-5). Defendants oppose this finding. (D.I. 25 at 1-2 ¶¶ 1-5).

Plaintiff filed a motion for leave to add three additional claims to the Complaint (Counts III-V). Defendants argue Plaintiff failed to state a claim for Counts III and IV and that Count V was futile. (D.I. 16 at 11-17). The Magistrate Judge recommended that Count III-V of Plaintiff's amended Complaint be dismissed without prejudice. (D.I. 22 at 10). Defendants object to the Magistrate Judge's finding and argue that these counts should be dismissed with prejudice because of their futility. (D.I. 25 at 2 ¶ 6). Plaintiff's position is that they met the pleading requirements for Counts III-V, but, if they do not, the Court should adopt the Magistrate Judge's recommendation that they be given an additional opportunity to file an amended complaint that satisfies the pleading requirements. (D.I. 26 ¶ 32). Plaintiff also asks the Court to formally assure it that it will be granted leave to amend its equitable fraud claim after discovery. (*Id.* ¶ 33).

I dismiss Count II-V without prejudice, and I adopt the Magistrate Judge's recommendation that Plaintiff be granted the opportunity to file a newly amended complaint within fourteen days of the Court's decision. I do not now grant Plaintiff's request to be allowed to amend after the completion of discovery.

**1. Count I and II: Breach of Contract and Negligent Misrepresentation**

The Magistrate Judge found that Count I and II of Plaintiff's amended Complaint are largely the same as the original Complaint, and Plaintiff's motion to amend should be granted. (D.I. 22 at 3-5). Defendants object to this recommendation largely on the same grounds they relied upon in their motion to dismiss Count I and II of the original Complaint. (D.I. 24; D.I. 25). I adopt the Magistrate Judge's finding for Count I of the Complaint and dismiss Count II without prejudice for the same reasons outlined above.

### 2. Count III: Common Law Fraud and Equitable Fraud

In Delaware, to establish a common law fraud claim a plaintiff must prove: (1) a false representation by the defendant; (2) the defendant's knowledge of or reckless indifference to the falsity of the representation; (3) the defendant's intent to induce the plaintiff to act; (4) that the plaintiff's actions were taken in justifiable reliance on the false representation; and (5) damages stemming from the plaintiff's reliance. *Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1074 (Del. 1983). Defendants argue that Plaintiff has not alleged its common law fraud claim with sufficient particularity in accordance with Rule 9(b) of the Federal Rules of Civil Procedure. (D.I. 16 at 11). The Magistrate Judge adopts this view largely due to Plaintiff's failure to plead the "date, time and place" of the fraud. (D.I. 22 at 6). Plaintiff objects to the Magistrate Judge's findings based on Plaintiff's view that the sequence of events alleged in the amended Complaint put Defendants on notice of the nature of the alleged fraud. (D.I. 26 ¶ 20). I will adopt the Magistrate Judge's analysis and conclusion. Plaintiff's broad allegation, "Defendants misrepresented that they were an architectural design firm during contract negotiation and at [other] various times," does not satisfy the requirement to "inject[] precision or some measure of substantiation" into Plaintiff's fraud allegation. (*Id.* ¶¶ 17, 20 ); *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Plaintiff does not plan to pursue their claim of equitable fraud at this time, and Plaintiff raises no objection to the Magistrate Judge's determination it fails to state a claim of equitable fraud in their amended Complaint. (*Id.* ¶ 20 n.2; D.I. 22 at 7).

### 3. Count IV: Veil Piercing/Alter Ego

Plaintiff alleges in its "alter ego" claim that Defendants John M. Wiertel and Geoffrey Graham are independently liable for Plaintiff's tort claims. (D.I. 13-2 ¶¶ 52-59; D.I. 22 at 8). The Magistrate Judge found that Plaintiff's failure to plead a tort cause of action prevents Plaintiff from

advancing its "alter ego" claim as an alternative theory of liability. (D.I. 22 at 8). Plaintiff objects to the Magistrate Judge's finding that Plaintiff failed to plead a fraud claim. (D.I. 26 ¶ 20). Therefore, they also object to the Magistrate Judge's conclusion that there is no fraud to serve as the underlying basis for Plaintiff to advance an alternate theory of liability that implicates Defendants Wiertel and Graham in their individual capacities. (*Id.* ¶ 22 n.3). As part of its objection Plaintiff states that they "plan to pursue the direct participation theory . . . against Mr. Wiertel and Mr. Graham for their inequitable conduct." (*Id.*). It is not entirely clear, but Plaintiff appears to adopt the position that the dismissal of its tort claims does not pose a barrier to pleading their alter ego and direct participation theories. (*Id.*). However, the authority Plaintiff cites for that proposition does not support its view. The direct participation doctrine Plaintiff's rely on still requires "corporate officers" to *commit a tort*. *Brasby v. Morris*, 2007 WL 949485, at *8 (Del. Super. Ct. Mar. 29, 2007). Plaintiff has not met the pleading requirements to establish its tort claim—which has been discussed thoroughly in the Magistrate Judge's report. I dismiss Count IV without prejudice.

### 4. Count V: Civil Conspiracy

I adopt the Magistrate Judge's legal and factual findings in their entirety. Civil conspiracy is not an independent cause of action. *Hydrogen Master Rights, Ltd. v. Weston*, 228 F. Supp. 3d 320, 341 (D. Del. 2017); *Smiley v. Daimler Chrysler*, 538 F. Supp. 2d 711, 718 (D. Del. 2008). Each individual Defendant must have committed an underlying wrong that is actionable independent of the conspiracy. *Smiley*, 538 F. Supp. 2d at 718. I have ruled that the underlying wrongs alleged by Plaintiff—namely Plaintiff's fraud claims—should be dismissed for failure to state a claim. Therefore, I also dismiss Plaintiff's civil conspiracy claim without prejudice.

**5. Plaintiff's Request to be Preemptively Granted Leave to Amend After Discovery**

I deny Plaintiff's request that the Court guarantee it will be given leave to amend its Complaint after discovery. At the initial scheduling conference, the Court will set a date by which any requests for leave to amend the pleadings must be filed.

**6. Plaintiff's Motion for Joinder**

I do not adopt the Magistrate Judge's legal conclusion that Plaintiff's motion for joinder of Dr. Timothy Dabkowski as a co-plaintiff is moot. (D.I. 22 at 10 n.7). The issue of standing in this case is one of merit rather than jurisdiction. Plaintiff's Complaint survives Defendants' Rule 12(b)(6) motion challenging Plaintiff standing, but Plaintiff will still have to establish the merits of its argument later in the proceedings, when the finder of fact does not have a procedural requirement to take all Plaintiff's allegations as true. I grant Plaintiff's motion for joinder.

**7. Summary**

I adopt the Magistrate Judge's recommendation as to Count I of the Complaint, and I grant Plaintiff's motion to amend. I deny Plaintiff's motion to amend Count II, and I dismiss Count II of the Complaint without prejudice. I adopt the Magistrate Judge's recommendation to dismiss Counts III-V without prejudice. I deny Plaintiff's request to be guaranteed it will be granted leave to amend after discovery. Plaintiff's motion for joinder of Dr. Timothy Dabkowski is granted.

IV. CONCLUSION

For the reasons discussed above, I largely adopt the recommendations set forth in the Magistrate Judge's Reports. However, I find that Defendants' gist of the action doctrine defense was not abandoned and Count II of the Complaint should be dismissed without prejudice.

The Court will enter a separate order.